**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Miguel Angel ZAMUDIO–OROZCO,**
**Defendant—Appellant.**

No. 06–30300.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 13, 2007.*

Filed Nov. 26, 2007.

Pamela Jackson Byerly, Esq., Office of the U.S. Attorney, Spokane, WA, for Plaintiff–Appellee.

Nicholas W. Marchi, Esq., Carney & Marchi, PS, Seattle, WA, for Defendant–Appellant.

Before: TROTT, W. FLETCHER, and CALLAHAN, Circuit Judges.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM **

Miguel Angel Zamudio–Orozco appeals from the district court's decision that it would not have imposed a materially different sentence following a limited remand under *United States v. Ameline,* 409 F.3d 1073, 1084–85 (9th Cir.2005) (en banc). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Zamudio–Orozco contends that his sentence is unreasonable under *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), because the district court did not consider the sentencing factors set forth in 18 U.S.C. § 3553(a) and did not address whether it would have imposed a consecutive sentence for his violation of supervised release had it known that the Sentencing Guidelines were advisory. However, our review of a district court's decision not to resentence a defendant following a remand pursuant to *Ameline* is limited to whether "the district [court] properly understood the full scope of [its] discretion" under *Booker.* *See United States v. Combs,* 470 F.3d 1294, 1297 (9th Cir.2006). We conclude that the record reflects that the district court "understood [its] post-*Booker* authority to impose a non-Guidelines sentence." *See id.*

Zamudio–Orozco also contends that the district court violated his right to due process by issuing its decision prior to the due date for his reply brief. We conclude that the district court sufficiently elicited the views of counsel regarding resentencing. *See United States v. Montgomery,* 462 F.3d 1067, 1069 (9th Cir.2006).

Finally, we reject Zamudio–Orozco's argument that the district court denied his right to allocution. *See United States v. Silva,* 472 F.3d 683, 685–89 (9th Cir.), *cert.*

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

*denied,* —— U.S. ——, 128 S.Ct. 201, 169 L.Ed.2d 135 (2007).

**AFFIRMED.**

**AFFIRMED.**

---

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.